**FILED**

APR 2 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

"Sky Dog"
AKA Neil Paris Sugarman
Fed. Reg. No. 56725-097
FCI II Victorville
P.O. Box 5700
Adelanto, Ca.  92301

UNITED STATES D░

DISTRICT OF

CASE NUMBER  1:06CV00708

JUDGE: Richard W. Roberts

DECK TYPE: Pro se General Civil

DATE STAMP: 04/20/2006

"SKY DOG",                          )    MEMORANDUM IN SUPPORT
AKA NEIL PARIS SUGARMAN,            )    OF SUIT UNDER FEDERAL
    Plaintiff,                      )    TORT CLAIM ACT (28 USC
                                    )    §1346 AND 18 USC §4042
v.                                  )    (DUTY OF CARE)
                                    )
UNITED STATES OF AMERICA,           )
    Defendant.                      )    *Complaint*
_____

JUDICIAL NOTICE REQUESTED

Plaintiff involes jurisdiction of this Honorable Court pur-

suant to 28 USC §1346 (FTCA) and 18 USC §4042 (Duty of Care).

VENUE

Venue is proper as a Suit under the Federal Tort Claim Act

(FTCA) and such Tort Action can be heard by the U.S. District for

the District of Columbia because that is where the Bureau of Prisons

has it's Central Office (bases of operation).

Plaintiff requests that this court take Judicial Notice of

Supreme Court decisions in Boag v. MacDougal, 454 U.S. 304 and

Haines v. Kerner, 404 U.S. 519, which requires courts to construe

Pro Se litigants liberally and hold them to less formal standard

than pleadings drafted by lawyers; and further, that if courts can

reasonably read pleadings to state a valid claim on which litigant

1

could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant unfamiliar with pleading requirements.

The following Tort Claims are hereby presented to the U.S. District Court, for the District of Columbia.

ATTACHMENTS

Copy of letter accepting Administrative Claim No. TRT-WXR-2005-03773, DATED July 29, 2005- Exhibit "A"

Copy of letter accepting Administrative Claim No. TRT-WRX-2005-04219, Dated September 7, 2005 - Exhibit "B"

Copy of Tort Claim dated August 12, 2005 - Exhibit "C"

Copy of letter denying Administrative Claim No. TRT-WXR-2005-03773 Dated September 28, 2005 - Exhibit "D"

Copy of Letter denying Administrative Claim No. TRT-WXR-2005-04219 Dated November 1, 2005 - Exhibit "E"

## JUDICIAL REVIEW OF ADMINISTRATIVE ACTION

### POWER OF COURTS

By virtue of 18 USCS §4042, the care, custody, control, treatment and discipline of federal prisoners is vested in the Attorney General or his authorized delegate, and absent violation of a constitutional or statutory right or other exceptional circumstances, their actions will not be reviewed by the Courts. Sullivan v. Ciccone, (1970) WD MO, 311 F. Supp. 456; Black v. Ciccone, (1970, WD MO 342 F. Supp. 129.

### STANDARD OF REVIEW

Since "substantial evidence" standard mandated by regulation promulgated under authority of 18 USCS §4042 was higher than any standard imposed by federal constitution on prison disciplinary

-2-

proceedings, District Court erred in applying constitutional "rat-
ional basis" standard in reviewing decision by institution discip-
linary committee that prison informants were reliable and finding
inmate guilty of charged offenses. Henderson v. Carlson, (1987,
CA3 PA) 812 F. 2d 874, cert. den. (1987) 484 U.S. 98 L. Ed. 2d 79,
108 S. Ct. 120 and (critized in United States v. Brown, (1996, CA7
Wis.) 79 F. 3d 1497 and (critized in Kephart v. Cherfree, (2000,
CA4 NC) 2000 US App LEXIS 18924).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

In line with regulations promulgated by Bureau of Prisons
under authority of 18 USCS §§ 4001, 4042, grievances of prisoners
concernign prison administration should be presented through avail-
able administrative channels, and only after such remedies are ex-
hausted will the court entertain application for relief in an ap-
propriate case. Paden v. United States, (1970, CA5 Ga.) 430 F.
2d 882.

In administration of federal prisoners, primary responsibility
for supervision is delegated by statute to Bureau of Prisons under
direction of Attorney General (18 USCU §§4001 and 4042), and under
that authority, Bureau has promulated rules and regulations for
proper administration of various prisons and has established ef-
fective means to review actions taken by local prison officials,
and in line with these regulations, grievances of prisoners con-
cerning prison administration should be presented to Bureau thro-
ugh available administrative channels, and only after such remed-
ies are exhausted will court entertain application for relief in
appropriate case. Lundy v. Osborn, (1977, CA5 Tex) 555 F. 2d 534,

-3-

## FORM OF REMEDY

District Court properly exercised its discretion in treating for habeas corpus to test prison conditions as being complaint in nature of mandamus. Long v. Parker, (1968, CA3 Pa.) 390 F. 2d 816.

## TORT CLAIM AGAINST PRISON OFFICIALS

Person can sue under Federal Tort Claim Act (28 USCS §1346(b), 2671 et. seq.) to recover damages from the United States government for personal in juries sustained during confinement in federal prisons by reason of neligence of governmental employee. United States v. Muniz, (1963) 374 U.S. 150, 10 L. ed. 2d 805, 83 S. Ct. 1850.

## DUTY OF AND STANDARD OF CARE

Federal prisoners have th right to sue United States for injuries sustained in prison under provisions of Federal Tort Claims Act (28 USCS §1346) and duty of care owned by Bureau of Prisons to federal prisoners is provided by USCS §4042; defendant's duty under 18 USCS §4042 is not absolute but requires exercise of ordinary diligence under circumstances. Williams v. United States, (1974, DC Dist. Col.) 384 F. Supp. 579.

## B.O.P. TORT CLAIM LIABILITY

Duty of Care - 18 USC §4042

1. Provide suitable quarters, safekeeping, and substance [18 USCS §4042(a)(2)]

Controlling Case Law

A) Bell v. Wolfish, (1979, 441 U.S. 520, 60 L. Ed. 2d 447, 99 S. Ct.1861 (critized Johnson v. Phelan, (1995, CA7 ILL))

69 F. 3d 144, BNA FEP (as 119)

   B)  Rickets v. Ciccone, (1974, WD MO) 371 F. Supp. 1249.

   C)  Sconiers v. Jarvis, (1978, DC KAN.0 458 F. Supp. 37
(Prison officials, including physicians, not only have authority
but are charged under 18 USCS §§4001(b)(2) and 4042 with respon-
sibility to provide proper care, treatment and protection of fed-
eral prison inmates and have affirmative constitutional duty to
provide necessary medicial treatment regardless of consent; their
administrating of medical care over the objections of prison in-
mate does not constitute denial of federal constitutional right
nor does inmate's disagreement with nature and type of medical
care provided present constitutional claim).

## BACKGROUND OF THE CASE

   The Plaintiff sustained (2) two medical claims while incar-
cerated at USP Victorville.   Claims (1) one was as a result of an
re-injury to my right knee where there was swelling, pain and dis-
confort for several weeks. Such re-injury occured on or about July
21, 2005.   It was first brought to the attention of B.O.P. Medical
Staff in 1997 while Plaintiff was incarcerated at USP Beaumont.
The only treatment offered was Motrin (800 mg) for pain and in-
flamation.   I was given a knee support but not a brace which is
needed to lock the knee in place, to further support the laxity
in the knee and prevent further injury.   Such knee has been X-rayed
and an MRI done while I was at USP Lompoc in 2003.   And they con-
firmed the fact that there is a torn ACL ligament.   Since It has
not been and continues to be not treated according to Community
Standards, I have developed bone spurs and the onset of arthritis.

-5-

Claim (2) two arises out of failure of the B.O.P. Medical to check my ocular eye pressure for a cronic care condition - Glaucoma. According to Community Standards such ocular eye pressure should be checked every (3) months and not every (6) months or longer. It is done when they get around to it so at time, it has been neglected for over (6) months. I am given eye drop, to be administrated in each eye nightly. Such condition is ongoing and the B.O.P. was made aware of it in 2003 when my eyes were examined by Opthalmologist while Plaintiff was incarcerated at USP Lompoc. This particular Tort Claim was filed due to the fact that (9) months had elapsed since the last time my eye pressure was checked. And such event happened while I was incarcerated at USP Victorville. I have been given the eye drops (Xalatan) on a regular basis but the condition has not been monitored properly since glaucoma is not cureable and can ultimately cause blindness if not monitored; even thou the patient is given eye drops to lower his ocular pressure.

This Suit will be amended at a future date where Plaintiff will submit additional medical records and other denied tort claims with this court's permission, of course.

Respectfully Submitted,

Signed and dated this 27th day of March 2006.

"SKY DOG"
NEIL PARIS SUGARMAN
#56725-097
FCI II (MEDIUM) VICTORVILLE