"SKY DUGH"
AKA NEIL PARIS SUGARMAN
REG. REG. NO. 58785-097
FCI II VICTORVILLE
P.O. BOX 5700
ADELANTO, CA 92301

RECEIVED
MAY 1 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PRO SE, LITIGANT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEIL PARIS SUGARMAN, PLAINTIFF, | CIVIL ACTION NO. 06-0708 RWR |
| v. | JUDICIAL NOTICE PURSUANT TO FED. R. OF EVIDENCE-201 |
| UNITED STATES OF AMERICA, DEFENDANT. | |

JUDICIAL NOTICE

LET IT BE KNOWN THROUGHOUT THE LAND, THAT THE BUREAU OF PRISONS (B.O.P.) IS STILL A RICO ORGANIZATION AND NOW QUALIFIES AS A CCE UNDER 21 U.S.C. 848, BECAUSE IT IS ONGOING CONSPIRACY TO DEPRIVE PLAINTIFF HIS CONSTITUTIONAL

rights through the use of threats and intimidation under the Hobbs Act. (18 U.S.C. 1951).

To that end, the B.O.P. and it's agents did place me in a Special Housing Unit (SHU) on April 26, 2006 at approximately 1:30 p.m. under the guise that Plaintiff was to have a classification review, to determine Plaintiff's suitability for general population at FCI-II Victorville.

Since being in the SHU, Plaintiff was received (4) four incident reports. An initial one when Plaintiff's property was packed on 4/26/05, for possessing contraband (305 code violation). Also, Plaintiff did receive (2) two such incident reports on 5/5/06. One (1) was for refusing to obey an order of staff (307 code violation); and making, possessing, or using intoxicants. Neither of the above such incident reports were processed because Plaintiff did not have a unit disciplinary hearing with B.O.P. staff with 3 days (72 hour period), as prescribed in P.S. 5270.07. Plaintiff did receive an additional incident report on 5/11/06, for refusing breathalyzer or to take part in a test for alcohol use

(223 code violation). Now, Plaintiff is waiting for a UDC meeting which has to be held by 5/11/06 at 8:00 p.m.

Are the above mentioned incident reports harassment? It remains to be seen where this is all going. Plaintiff was given a DHO hearing on the incident report received on 4/26/06. Such hearing was held on 5/10/06; even thou Plaintiff was not present for such hearing. Plaintiff received the following sanctions: 20 day disciplinary seg., 90 day loss of visits, phone and commissary restriction.

Plaintiff's initial lock-up order (administrative detention order did NOT give staff (B.O.P.) justification for placing him in a SHU. And, the subsequent classification review on 5/1/06 did not make any determination about suitability to stay in general population at FCI Victorville.

While in SHU, Plaintiff did not have access to a law library in order to adequate research for the (2) two court cases pending. Also, Plaintiff has been denied copies of legal work that he handwrote.

Respectfully submitted,

Neil Regan
#56725-097