UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NEIL P. SUGARMAN,                          )
                                            )
          Plaintiff,                        )
                                            )
              v.                            )        Civil Action No. 06-00708 (RWR)
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
                                            )
          Defendant.                        )
_____            )


### DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

Defendant respectfully moves the Court to dismiss this case pursuant to Federal Rules of

Civil Procedure12(b)(1), 12(b)(3), and 12(b)(6).  Alternatively, the Court may transfer Plaintiff's

one timely claim to its proper venue, the Central District of California.  In support of this Motion,

the Court is respectfully referred to the accompanying Memorandum of Points and Authorities.

A Proposed Order consistent with this motion is attached.

Respectfully submitted,


_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____
KATHLEEN M. KONOPKA, D.C. Bar #495257
Assistant United  States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NEIL P. SUGARMAN,                    )
                                     )
        Plaintiff,                   )
                                     )
            v.                       )       Civil Action No. 06-00708 (RWR)
                                     )
UNITED STATES OF AMERICA,            )
                                     )
                                     )
        Defendant.                   )
_____       )

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
OR IN THE ALTERNATIVE TO TRANSFER

Defendant submits this memorandum of points and authorities in support of its motion to dismiss, or in the alternative, to transfer.

I.      BACKGROUND

Plaintiff initiated this action on April 20, 2006, pursuant to the Federal Tort Claims Act ("FTCA"), alleging that Federal Bureau of Prisons ("BOP") staff at the Victorville Federal Correctional Complex in California (FCC Victorville) failed to (1) properly treat a "re-injury" of Plaintiff's knee, and (2) monitor his ocular eye pressure every three months. (Complaint "Compl." at 5-6).[1]

Plaintiff fails to articulate any specific relief requested in his Complaint. However, in his administrative claim regarding his knee, Plaintiff sought $250,000. (Compl.at Exhibit "Exh." A). BOP denied this claim on September 28, 2005. (Compl. at Exh. C).

_____

[1]      Plaintiff's Complaint also indicates that he is invoking the Court's jurisdiction pursuant to 18 U.S.C. § 4042; however, this statute, which sets forth the general duties of the BOP, does not provide for an independent cause of action over which the Court may exercise jurisdiction.

In Plaintiff's administrative claim regarding his ocular pressure, Plaintiff requested $100,000. (Compl. at Exh. A). BOP denied this claim on November 1, 2005. (Exh. 1).

II.    ARGUMENT

A.    Plaintiff's Claim Regarding His Knee Is Barred by the Statute of Limitations

The FTCA mandates that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing by certified or registered mail of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); Kubrick v. United States, 444 U.S. 111, 117-18 (1979) (noting that Courts may not extend FTCA's waiver of sovereign immunity beyond what Congress intended). Although phrased in the disjunctive, "this statute requires a claimant to file an administrative claim within two years [of accrual] and file suit within six months of its denial." Houston v. United States Postal Serv., 823 F.2d 896, 902 (5th Cir. 1987) (citing numerous cases). See also Willis v. United States, 719 F.2d 608, 612 (2nd Cir. 1983); Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980).

BOP notified Plaintiff of its denial of the claim regarding his knee by certified mail on September 28, 2005. (Compl. at Exh. C, Exh. 2). Thus, Plaintiff's failure to file this civil action on or before March 28, 2006, "forever bars" this claim, 28 U.S.C. § 2401(b), and it must be dismissed. See Kubrick, 444 U.S. at 117-18 (plea of limitations in FTCA action is meritorious defense serving the public interest).

B.    Venue Is Improper in the District of Columbia

Plaintiff has also filed his claims in the wrong court.  Venue under the FTCA lies only in the judicial district where the cause of action arose or where the plaintiff resides.  28 U.S.C. §1402(b); Bryant v. Carlson, 652 F.Supp. 1286, 1287 (D.D.C. 1987).  Plaintiff asserts that his medical claims arose while he was incarcerated at FCC Victorville.  (Compl. at 5).  Indeed, not a single factual allegation in the Complaint concerns acts that occurred in the District of Columbia. See Zakiya v. United States, 267 F.Supp.2d 47, 59 (D.D.C. 2003) ("Because none of the operative events that constitute the gravamen of plaintiff's claims took place in the District of Columbia, the Court concludes that venue in this district is improper.").  Moreover, Plaintiff remains incarcerated at FCC Victorville, and thus, resides in the Central District of California, where the prison is located.  See In re Pope, 580 F.2d 620, 622 (D.C. Cir. 1978).

Accordingly, the Court should dismiss this case for improper venue.  Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a).  Alternatively, in the interest of justice, the Court may transfer Plaintiff's timely claim to the Central District of California, the only proper venue for this action. 28 U.S.C. § 1406(a). See Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (the decision whether to transfer or dismiss is entrusted to Court's discretion).

<u>CONCLUSION</u>

For reasons stated herein, Defendant respectfully requests that the Court grant its Motion

to Dismiss, or in the alternative, transfer this case to the Central District of California.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____
KATHLEEN M. KONOPKA, D.C. Bar # 495257
Assistant United  States Attorney
555 4th Street, N.W., Room E-4412
Civil Division
Washington, D.C. 20530
(202) 616-5309

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Motion To Dismiss, or in the

Alternative to Transfer and Proposed Order has been made by mailing copies thereof to:

NEIL P. SUGARMAN
Registration No. 56725-097
FCC Victorville
P.O. Box 5700
Adelanto, CA 92301

on this _____ day of July, 2006

_____
KATHLEEN KONOPKA
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.; Room E4412
Washington, D.C.  20530
(202) 616-5309