August 26, 2006

Clerk's Office
United States District Court
For The District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

RECEIVED
SEP 11 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RE: Defendant's Motion To Dismiss In Civil Action No. 06-0070(RWR); And Change of Address

Dear Clerk,

I am enclosing a hand written copy of Plaintiff's Objections To Defendant's Motion To Dismiss Or In The Alternative To Transfer. Hopefully, your court will be able to read the hand written attached copy. I will be providing a typed copy of such document within 10 days.

Also, be aware that I was transferred from FCI, P.O. Box 5200 to the USP, P.O. Box 5500, in the same prison complex. The only difference is the P.O. Boxes; whereas my new P.O. Box is 5500, and the old P.O. Box was 5200.

Respectfully yours,

Date @ this 28 day of August, 2006.

_____
Neil Paris Sugarman
Fed. Reg. No. 56705-097
USP Victorville

# CERTIFICATE OF SERVICE

I, __Neil Sugarman__ hereby certify that I have served a true and correct copy of the following: __Plaintiff's Objections to Defendant's Motion to Dismiss or in the Alternative to Transfer__

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, <u>Houston v. Lack</u>, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

__USA__
__Kathleen Konopka__
__Attorney at Law__

and deposited same in the United States Postal Mail at the United States Penitentiary, California, on this: __26__ day of __August__, 2006

__Neil Sugarman__
__Fed. Reg. No. 56705-097__
__USP Victorville__

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NEIL PARIS SUGARMAN,         )
       PLAINTIFF,            )
                             )
                             )   CIVIL ACTION No. 06-00708 RWR
V.                           )
                             )
                             )
UNITED STATES OF AMERICA,    )
       DEFENDANT.            )

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

PLAINTIFF, NEIL PARIS SUGARMAN, A PRO SE LITIGANT ASKS THIS HONORABLE COURT TO DISMISS THE DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER. SUCH DEFENDANT'S MOTION LACKS MERIT AND IS BASED ON FALSE AND MISLEADING INFORMATION. AS LONG AS, THERE IS DISPUTED SUCH TORT CLAIM (No. 06-00708(RWR)) SHOULD BE HEARD ON IT'S MERIT, AND TO ACCEPT THE DEFENDANT'S MOTION AS FACT WOULD BE CONTRARY TO CASE LAW AND FACTS ALREADY PRESENTED TO THIS COURT BY THE PLAINTIFF IN ORIGINAL TORT CLAIM ALONG WITH ACCOMPANYING AFFIDAVIT. ALSO, PLAINTIFF DID

file a motion to amend/supplement that was already filed before the court; where as additional claims for loss of personal property were books, pen. Plaintiff did file such motion to amend on or about May 21, 2006. Plaintiff original complaint is attached as exhibit 1, along with a copy of certified receipt which show Plaintiff's original complaint was filed before the six-month statute of limitations for filing of a tort claim.

Attached is Plaintiff memorandum of points and authorities which further states Plaintiff's case for not dismissing "original" complaint, and with such accompanying, it will become abundantly clear that Plaintiff's case has merit.

Respectfully submitted,

Dated this 26th day of August 2006.

Neil Akiv Jogarnaw
#56725-097
USP Victorville

-2-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NEIL PARIS SUGARMAN,            )   CIVIL ACTION
    PLAINTIFF,                   )   NO. 06-00708(RWR)
                                 )
v.                               )
                                 )
UNITED STATES OF AMERICA,        )
    DEFENDANT.                   )

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

Plaintiff submits this memorandum of points and authorities in support of his objection to defendant's motion to dismiss or in the alternative to transfer.

### 1. Background

Plaintiff initiated this action on March 27, 2006 which is well before the six-month statute of limitations for plaintiff's tort claim and not as alleged by the Gov't's agent to be on April 29, 2006. See page 1, of defendant's memorandum of points

authorities in the background information on page 1 of defendant's memorandum of points and authorities. See Exhibit I, certified mailing receipt and Exhibit II, page 6, a copy of plaintiff's "original" tort claim. Now, where the gov't agent, Aida Kathleen Konopka, gets a filing date of April 20, 2006 is beyond me. Maybe that was the last time she had a date? But, that was NOT the date of the "original" filing. Therefore, both medical claims are timely and within the (6) six month statute of limitations period. What this plaintiff is wondering, is why AUSA, would provide this Honorable Court with misinformation? And maybe, her immediate supervisor would like an answer to that question, also?

II ARGUMENT

A. PLAINTIFF'S CLAIM, REGARDING MY KNEE INJURY IS NOT BARRED BY THE STATUTE OF LIMITATIONS

By this court, examining attached exhibits (A & B), plaintiff did file an "instant" claim within

-2-

the six-month statute of limitations, and taking into consideration the "mailbox" rule, it was, in fact, filed on March 22nd and not March 29th as the stamp on the certified receipt suggests because it was placed in a mailbox or taken to the B.O.P. mail room prior to that date. Taking into consideration the mailbox rule (Houston v. Lack), that will explain the receipt being stamped on March 29th. So, the gov't's argument as to the timeliness of my original complaint is without merit. If the the gov't's agent, Asa-Kathleen Konopka did proper research (legal) this Honorable Court would not be subjected to a document (gov't's motion to dismiss) full of incorrect information and all its case law in support of an invalid assumption.

B. VENUE IS PROPER IN THE DISTRICT OF COLUMBIA

Plaintiff has not filed his "instant" claim in the wrong court. According to my end, the Hab—

-3-

QUARTER'S DOCTRINE, THIS HONORABLE COURT, FOR THE DISTRICT OF COLUMBIA HAS VENUE, BY THE FACT THAT THE FEDERAL BUREAU OF PRISONS HAS IT'S HEADQUARTERS WITHIN THE JURISDICTIONAL CONFINES OF THIS COURT, AND THERE IS AMPLE CASE LAW TO SUPPORT THIS POSITION. SEE CORPORATION FOR PUBLIC BROADCASTING, ET AL. V. THE AMERICAN AUTOMOBILE CONTINENTAL COMMISSION, 1998 DIST LEXIS 3016, CIV. NO. 97-1010 (TFH), DECIDED MARCH 5, 1998.

SO THE QUESTION BEFORE THIS COURT SHOULD BE WHETHER THIS HONORABLE COURT HAS VENUE AND <u>PERSONAL JURISDICTION</u>. THEY BOTH GO HAND IN HAND AND PLAINTIFF WILL SHOW THAT THIS COURT, IN DEED HAS BOTH

DISCUSSION

A. <u>PERSONAL JURISDICTION</u>

THIS COURT HAS <u>PERSONAL JURISDICTION</u> OVER THIS NON-RESIDENTIAL DEFENDANT WHERE SERVICE OF PROCESS IS AUTHORIZED BY STATUTE AND WHERE THIS SERVICE OF PROCESS IS AUTHORIZED BY

statute and where this service of process is consistent with due process. <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 90 L. Ed. 95, 66 S.Ct. 154 (1945). Service is authorized by statute if the forum's long-arm statute permits it and service is consistent with due process if the defendant fair warning that certain conduct would render him liable to suit in the forum. See <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 62 L. Ed. 490, 100 S.Ct. 559 (1980); <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 471-72, 85 L.Ed. 528, 105 S.Ct. 2174 (1985). Following congressional intent and the jurisprudence of Maryland and Virginia, D.C. courts have interpreted the reach of the District's long-arm statute to be co-extensive with the scope of jurisdiction permissible under the due process clause. <u>Environmental Research International, Inc. v. Lockwood Greene Engineers, Inc.</u>, 355 A.2d pg. 810 (D.C. 1976); <u>Mouzavires v. Baxter</u>, 434 A.2d 988, 991 (D.C. 1981), cert. denied, 455 U.S. 1006, 71 L.Ed. 2d 875, 102 S.Ct. 1643 (1982). Therefore, the court needs only conducts simple

inquiry of whether exercise of personal jurisdiction is proper under the Due Process Clause.

Due Process requires that the forum be "constitutionally reasonable, in context of our federal system of government." International Shoe, 326 U.S. at 317. In order for a forum to be reasonable, a defendant must have minimal contacts with that forum, such that "traditional notions of fair play" are not offended. International Shoe, 326 U.S. at 316 (citing G. Milliken v. Meyer, 311 U.S. 457, 463, 85 L.Ed. 278, 61 S.Ct. 339 (1941). See also Burger King, 471 U.S. at 472 (defendant must have "purposefully directed" its activities at residents of the forum). The unilateral contact of a resident with a non-resident cannot satisfy the requirement; a non-resident defendant must purposefully avail itself of the privilege of conducting activities within the forum. Hanson v. Denckla, 357 U.S. 235, 253, 2 L.Ed 2d 1283, 78 S.Ct. 1228 (1958).

The exercise of jurisdiction is proper with the District's long-arm statute, and does not offend the Due Process Clause. There-

fore this court should NOT dismiss the case on the grounds that it lacks personal jurisdiction over defendant.

B. VENUE

The parties are before this court based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. Therefore, venue is proper only in a jurisdiction in which (1) a defendant resides, or (2) a substantial part of the underlying events occurred. 28 U.S.C. § 1391(a) Pursuant to § 1391(c), a corporation "resides in all districts where it is subject to personal jurisdiction." Defendant in this "instant" case is subject to personal jurisdiction in District of Columbia; therefore venue is proper, pursuant to 28 U.S.C. § 1391(a)(1).

CONCLUSION

For the reasons stated herein plaintiff respectfully requests that this Honorable Court deny the Government's motion to dismiss or in the alternative to transfer such original tort claim to the Central District of California (Western Division).

-7-

Respectfully Submitted,

Dated this 30th day of August 2006.

_____
Ned Paris Sugarman - "Sky Dog"
Fed. Reg. No. 58205-097
U.S.P. Victorville

-8-

```
7005 0390 0005 2082 2715
```

| | |
|---|---|
| Postage | $ 207 NEIL JUGIENTA |
| Certified Fee | 240 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.47 |

Postmark: ADELANTO, CA — MAR 29 2006 — USPS

Sent To: U.S. DISTRICT COURT
Street, Apt. No.; or PO Box No.: 333 CONSTITUTION AVE, NW
City, State, ZIP+4: WASHINGTON, D.C. 20001