UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEIL P. SUGARMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-00708 (RWR) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Defendant. ) | |

DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS
OR IN THE ALTERNATIVE TO TRANSFER

Defendant respectfully submits the following reply in further support of Defendant's motion to dismiss, or in the alternative to transfer, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6).

Plaintiff initiated this action on April 20, 2006, pursuant to the Federal Tort Claims Act ("FTCA"), alleging that Federal Bureau of Prisons ("BOP") staff at the Victorville Federal Correctional Complex in California (FCC Victorville) failed to (1) properly treat a "re-injury" of Plaintiff's knee, and (2) monitor his ocular eye pressure every three months. (Complaint "Compl." at 5-6).[1] Plaintiff's claim regarding his knee is time-barred. (Compl. at Exhibit "Exh." C; Defendant's Motion to Dismiss "Motion" at Exh. 2). See 28 U.S.C. § 2401(b) ("[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun

---

[1] Plaintiff's Complaint also indicates that he is invoking the Court's jurisdiction pursuant to 18 U.S.C. § 4042; however, this statute, which sets forth the general duties of the BOP, does not provide for an independent cause of action over which the Court may exercise jurisdiction.

within six months after the date of mailing by certified or registered mail of notice of final denial of the claim by the agency to which it was presented). See also Kubrick v. United States, 444 U.S. 111, 117-18 (1979) (noting that Courts may not extend FTCA's waiver of sovereign immunity beyond what Congress intended).

Plaintiff contests his failure to comply with the statute of limitations, alleging that he "initiated this action on March 27, 2006," (Opposition "Opp." at 6),[2] conveniently one day before the six-month deadline as set forth in Defendant's Motion to Dismiss. (Motion at 2). However, Plaintiff's own evidence appears to belie this contention. He has attached an exhibit to his opposition, which seems to indicate that he paid postage to send a mailing to the District Court by certified mail on March 29, 2006, one day after the six-month statute of limitations. (Opp. at 14).[3] Thus, while this Circuit subscribes, without significant discussion, to the "mailbox" rule for pro se prisoner "pleadings," Anyanwutaku v. Moore, 151 F.3d 1053, 1057 (D.C. Cir. 1998), Plaintiff has adduced no evidence that he has complied with its requirements. However, to the extent that the Court deems there to be a question of fact on this issue, it may send both Plaintiff's claims to the appropriate venue, the Central District of California, for further elucidation regarding the timeliness of this claim.

Plaintiff has presented his claims to the wrong court. Specifically, venue under the FTCA lies only in the judicial district where the cause of action arose or where the plaintiff resides. 28

---

[2] Defendant has used the ECF page numbers for Plaintiff's Opposition filed as Document 12 in the Court's Docket.

[3] There is nothing in the exhibit to indicate that it was Plaintiff's complaint in this action that was mailed on that day.

U.S.C. §1402(b); Bryant v. Carlson, 652 F.Supp. 1286, 1287 (D.D.C. 1987).[4] Both of these factors require that this case be heard by the Central District of California. (See Compl. at 5 (claims arose while Plaintiff has been incarcerated at FCC Victorville, where he remains imprisoned)). Indeed, Plaintiff does not dispute that not a single factual allegation in the Complaint concerns acts that occurred in the District of Columbia. (See Opp. at 9). See Zakiya v. United States, 267 F.Supp.2d 47, 59 (D.D.C. 2003) ("Because none of the operative events that constitute the gravamen of plaintiff's claims took place in the District of Columbia, the Court concludes that venue in this district is improper.").

Accordingly, the Court should dismiss this case for improper venue. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a). Alternatively, in the interest of justice, the Court may transfer one or both of Plaintiff's claims to the Central District of California, the only proper venue for this action. 28 U.S.C. § 1406(a). See Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (the decision whether to transfer or dismiss is entrusted to Court's discretion).

---

[4] Contrary to Plaintiff's contention, the location of BOP's "headquarters" has no bearing of the proper venue for this particular claim.

## CONCLUSION

For reasons stated herein, Defendant respectfully requests that the Court grant its Motion to Dismiss, or in the alternative, transfer this case to the Central District of California.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____
KATHLEEN M. KONOPKA, D.C. Bar # 495257
Assistant United  States Attorney
555 4th Street, N.W., Room E-4412
Civil Division
Washington, D.C. 20530
(202) 616-5309

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that service of the foregoing Reply in Further Support of Motion

To Dismiss, or in the Alternative to Transfer has been made by mailing a copy thereof to:

NEIL P. SUGARMAN
Registration No. 56725-097
FCC Victorville
P.O. Box 5700
Adelanto, CA 92301

on this ____day of September, 2006

_____
KATHLEEN KONOPKA
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.; Room E4412
Washington, D.C.  20530
(202) 616-5309