AUGUST 26, 2006

CLERKS OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVE., N.W.
WASHINGTON, D.C. 20001

**RECEIVED**

SEP 11 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RE: DEFENDANT'S MOTION TO DISMISS
IN CIVIL ACTION NO. 06-0070P(RWR);
AND CHANGE OF ADDRESS

DEAR CLERK,

I AM ENCLOSING A HAND WRITTEN COPY
OF PLAINTIFF'S OBJECTIONS TO DEFEND-
ANT'S MOTION TO DISMISS OR IN THE
ALTERNATIVE TO TRANSFER. HOPEFULLY, YOUR
COURT WILL BE ABLE TO READ THE HAND
WRITTEN ATTACHED COPY. I WILL BE PRO-
VIDING A TYPED COPY OF SUCH DOCUMENT
WITHIN 10 DAYS.

ALSO, BE AWARE THAT I WAS TRANS-
FERRED FROM FCI II, P.O. BOX 5200 TO
THE USP, P.O. BOX 5500, IN THE SAME
PRISON COMPLEX. THE ONLY DIFF-
ERENCE IN THE P.O. BOXES, WHERE AS
MY NEW P.O. BOX IS 5500, AND THE
OLD P.O. BOX WAS 5200.

RESPECTFULLY YOURS,

DATE @ THIS 26 TH DAY OF AUGUST, 2006.

NEAL FARIS SUGARMAN
FED. REG. NO. 56705-097
USP VICTORVILLE

# CERTIFICATE OF SERVICE

I, _NEIL SUGARMAN_ hereby certify that I have served a true and correct copy of the following: PLAINTIFF'S OBJECTIONS TO DE- FENDANTS MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, _Houston v. Lack_, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

OUSA
KATHLEEN KONOPKA
ATTORNEY-AT-LAW

and deposited same in the United States Postal Mail at the United States Penitentiary, California, on this: _26_ day of _AUGUST_ , 2006

NEIL SUGARMAN
FED. REG. NO. 56 705-097
USP VICTORVILLE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NEIL PARIS SUGARMAN,                )
    PLAINTIFF,                      )
                                    )        CIVIL ACTION No. 06-00708 (RWR)
                                    )
V.                                  )
                                    )
                                    )
UNITED STATES OF AMERICA,           )
    DEFENDANT.                      )
                                    )

_PLAINTIFF'S OBJECTIONS TO DEFENDANTS_
_MOTION TO DISMISS OR IN THE ALTER-_
_NATIVE TO TRANSFER_

PLAINTIFF, NEIL PARIS SUGARMAN, A PRO SE
LITIGANT ASKS THAT HONORABLE COURT TO DIS-
MISS THE DEFENDANTS MOTION TO DISMISS
OR IN THE ALTERNATIVE TO TRANSFER. SUCH
DEFENDANTS MOTION LACKS MERIT AND IS
BASED ON FALSE AND MISLEADING INFOR-
MATION. AS LONG AS, THERE IS DISPUTE
SUCH TORT CLAIM ( No. 06-00708 (RWR))
SHOULD BE HEARD ON IT'S MERITS, AND
TO ACCEPT THE DEFENDANTS MOTION AS
FACT WOULD BE CONTRARY TO CASE LAW
AND FACTS ALREADY PRESENTED TO
THIS COURT BY THE PLAINTIFF IN ORIG-
INAL TORT CLAIM ALONG WITH ACCOMPY-
ING AFFIDAVITS. ALSO, PLAINTIFF DID

file a motion to amend/supplement that was already filed before this court; where as additional claims for loss of personal property were added. Also, plaintiff did file such motion on or about May 21, 2006. Plaintiff original complaint is attached as exhibit 1, along with copy of certified receipt which show plaintiff's original complaint was filed before the six-month statute of limitations for filing of a tort claim.

Attached is plaintiff memorandum of points and authorities which further states plaintiff's case for not dismissing "original" complaint, and with such accompanying, it will be come abundantly clear that plaintiff's case has merit.

RESPECTFULLY SUBMITTED,

Dated this 26th day of August 2006.

NEED PARISH SUGARMAN
#56705-097
USP VICTORVILLE

-2-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NEIL PARIS SUGARMAN,        )    CIVIL ACTION
    PLAINTIFF,              )    No. 06-00708(RWR)
                           )
                           )
V.                         )
                           )
UNITED STATES OF AMERICA,  )
    DEFENDANT.             )

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S OBJECTIONS
TO DEFENDANT'S MOTION TO DISMISS
OR IN THE ALTERNATIVE TO TRANSFER

PLAINTIFF SUBMIT THIS MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF
HIS OBJECTION TO DEFENDANT'S MOTION TO
DISMISS OR IN THE ALTERNATIVE TO TRANSFER.

I. BACKGROUND
    PLAINTIFF INITIATED THIS ACTION ON
MARCH 27, 2006 WHICH IS WELL BEFORE
THE SIX-MONTH STATUTE OF LIMITATIONS
FOR PLAINTIFF TORT CLAIM AND NOT AS
ALLEGED BY THE GOV'T'S AGENT TO BE
ON APRIL 20, 2006. SEE PAGE I,
OF DEFENDANT'S MEMORANDUM OF POINTS

AUTHORITIES IN THE BACKGROUND INFORMATION ON
PAGE 8 OF DEFENDANT'S MEMORANDUM OF POINTS
AND AUTHORITIES. SEE EXHIBIT I, CERTIFIED
MAILING RECEIPT AND EXHIBIT II, PAGE 6,
A COPY OF PLAINTIFF'S "ORIGINAL" TORT CLAIM
NOW, WHERE THE GOV'T AGENT, NURA KATH-
LEEN KONOPKA, GETS A FILING DATE OF
APRIL 20, 2006 IS BEYOND ME. MAYBE
THAT WAS THE LAST TIME SHE HAD A DATE?
BUT, THAT WAS NOT THE DATE OF THE "ORIG"-
INAL FILING. THEREFORE, BOTH MEDICAL
CLAIMS ARE TIMELY AND WITHIN THE (6)
SIXTH MONTH STATUTE OF LIMITATIONS
PERIOD. WHAT THIS PLAINTIFF IS WONDER-
ING, IS WHY A USA, WOULD PROVIDE
THIS' HONORABLE COURT WITH MISIN-
FORMATION? AND MAYBE, HER IMMEDI-
ATE SUPERVISOR WOULD LIKE AN ANS-
WER TO THAT QUESTION, ALSO?


        II  ARGUMENT


        A. PLAINTIFF'S CLAIM; REGARDING
MY KNEE INJURY, IS NOT BARRED BY
THE STATUTE OF LIMITATIONS


        BY THIS COURT, EXAMINING AT-
TACHED EXHIBITS (A & B), PLAINTIFF
DID FILE MY "INSTANT" CLAIM WITHIN

The six-month statute of limitations, and taking into consideration the "mailbox" rule, it was, in fact, filed on March 27th and not March 29th as the stamp on the certified receipt suggests because it was placed in a mailbox or taken to the B.O.P. mail room prior to that date. Taking into consideration the mailbox rule (Houston v. Luck), that will explain the receipt being stamped on March 29th. So, the Gov't's argument as to the timeliness of this original complaint is without merit. If the the Gov't's agent, Luisa-Kathleen Konopka did proper research (legal) this Honorable Court would not be subjected to a document (Gov't's motion to dismiss) full of incorrect information and all it's case law in support of an invalid assumption.

B. VENUE IS PROPER IN THE DISTRICT OF COLUMBIA

Plaintiff has NOT filed his "instant" claim in the wrong court. According to that end, the does-

QUARTER'S DOCTRINE, THIS HONORABLE
COURT, FOR THE DISTRICT OF COLUMBIA
HAS VENUE, BY THE FACT, THAT THE FED-
ERAL BUREAU OF PRISONS HAS ITS
HEADQUARTERS WITHIN THE JURISDICT-
IONAL CONFINES OF THIS COURT, AND
THERE IS AMPLE CASE LAW TO SUPPORT
THIS POSITION. SEE CORPORATION FOR
PUBLIC BROADCASTING, ET.AL. V. THE
AMERICAN AUTOMOBILE CENTINENTAL
COMMISSION, 1998 DIST LEXIS 3016,
CIV. NO. 97-1810 (TFA); DECIDED
MARCH 5, 1998.

SO THE QUESTION BEFORE THIS COURT
SHOULD BE WHETHER THIS HONORABLE
COURT HAS VENUE AND PERSONAL JUR-
ISDICTION. THEY BOTH GO HAND IN HAND
AND PLAINTIFF WILL SHOW THAT THIS
COURT, IN DEED HAS BOTH

## DISCUSSION

## A. PERSONAL JURISDICTION

THIS COURT HAS PERSONAL JURIS-
DICTION OVER THIS NON-RESIDENTIAL
DEFENDANT WHERE SERVICE OF PROCESS
IS AUTHORIZED BY STATUTE AND WHERE
THIS SERVICE OF PROCESS IS AUTHORIZED BY

statute and where this service of process is consistent w/ due process. International Shoe Co. v. Washington, 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154 (1945). Service is authorized by statute if the forum's long-arm statute permits it and service is consistent with due process if the defendant fair warning that certain conduct would render him liable to suit in the forum. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 62 L.Ed. 490, 100 S.Ct. 559 (1980); Burger King Corp. v. Ruszewicz, 471 U.S. 462, 471-72, 85 L.Ed. 528, 105 S.Ct. 2174 (1985). Following congressional intent and the jurisprudence of Maryland and Virginia, D.C. courts have interpreted the reach of the district's long-arm statute to be co-extensive with the scope of jurisdiction permissible under the due process clause. Environmental Research International, Inc. v. Lockwood Greene Engineers, Inc., 355 A.2d 808, 810 (D.C. 1976); Milliken v. Meyer, 311 U.S. 457, 463, 85 S.Ct. Ed. 278 61 S.Ct. 339 (1941)); Mouzavires v. Baxter, 434 A.2d 988, 991 (D.C. 2001), cert. denied 455 U.S. 1006, 71 L.Ed. 2d 875, 102 S.Ct. 1643 (1982). Therefore, the court needs only conduct a simple

inquiry of whether exercise of personal jurisdiction is proper under the due process clause.

Due process requires that the forum be constitutionally reasonable, in context of our federal system of government." International Shoe, 326 US at 317. In order for a forum to be reasonable, a defendant must have minimal contacts with that forum, such that "traditional notions of fair play" are not offended. International Shoe, 326 US at 316 (citing Milliken v. Meyer, 311 US 457, 463, 85 L Ed. 278, 61 S. Ct. 329 (1941). See also Burger King, 417 US not 472 (defendant must have "purposefully directed" its activities at residents of the forum). The unilateral contact of one dant with a non-resident cannot satisfy the requirement; a non-resident defendant must purposefully avail itself of the privilege of conducting activities within the forum, Hanson v. Denckla, 357 US 235, 253, 2L Ed. 2d 1283, 78 S. Ct. 1228 (1958).

The exercise of jurisdiction is proper with the District's long-arm statute, and does not offend the due process clause, there-

−6−

fore this court should not dismiss the case on the grounds that it lacks personal jurisdiction over defendant.

## B. VENUE

The parties are before this court based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. Therefore, venue is proper only in a jurisdiction in which (1) a defendant resides or (2) a substantial part of the underlying events occurred. 28 U.S.C. § 1391 (a). Pursuant to § 1391 (c), a corporation "resides" in all districts where it is subject to personal jurisdiction. Defendant in this "instant" case is subject to personal jurisdiction in District of Columbia; therefore venue is proper, pursuant to 28 U.S.C. § 1391 (a)(1).

## CONCLUSION

For the reasons stated herein, plaintiff respectfully requests that this Honorable Court deny the counterdefendant's motion to dismiss or in the alternative to transfer such original tort claim to the Central District of California (Western Division).

—7—

RESPECTFULLY SUBMITTED,

DATED THIS 28th DAY OF AUGUST 2006.

NED PARIS SUGARMAN - "SKY, OUR"
FED. REG. No 58905-097
U.S. P. VICTORVILLE

7005 0390 0005 2082 2575

Postage

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees | $ | 4.47

Sent To
U.S. DISTRICT COURT

Street, Apt. No.;
or PO Box No. 333 CONSTITUTION AVE. NE

City, State, ZIP+4
WASHINGTON, D.C. 2001