# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| | ) | |
| NEIL P. SUGARMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  06-0708 (RWR) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

---

## MEMORANDUM OPINION AND ORDER

Plaintiff, proceeding *pro se*, brought this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*.  He challenges the denial of his tort claims by the Bureau of Prisons ("BOP").  Defendant has moved to dismiss the complaint or, in the alternative, to transfer venue.  Because one of plaintiff's claims is barred by the statute of limitations, it will be dismissed. This district is not the proper venue for plaintiff's remaining claim.  Therefore, the case will be transferred to the Central District of California.

## BACKGROUND

This case involves BOP's alleged negligence in providing medical care to plaintiff while he was incarcerated at the United States Penitentiary in Victorville ("USP-Victorville") in Adelanto, California.  Compl. at 5 & Exh. C.  Plaintiff alleges that on or about July 21, 2005, he re-injured his right knee and experienced swelling, pain and discomfort for several weeks. Compl. at 5.  His knee injury was initially diagnosed by prison staff in 1997 as a torn ligament. *Id.*

1

Plaintiff claims that in response to his request for medical treatment prison officials merely provided 800 milligrams of Motrin to relieve his pain and inflammation. *Id.* According to plaintiff, he was provided a knee support, but not a knee brace, which is necessary to prevent further injury. *Id.* As a result, plaintiff alleges that he has developed bone spurs and arthritis. *Id.*

Plaintiff brings an additional tort claim for the prison's negligent treatment of his glaucoma. *Id.* at 6. He claims that proper monitoring of his condition requires that his ocular eye pressure be checked every three months, but that the prison medical unit has not done so in nine months. *Id.* Instead, plaintiff has been provided eye drops on a regular basis. *Id.*

Based on this alleged negligent medical treatment, plaintiff filed two personal injury claims with BOP. *Id.* Exh. A. BOP denied plaintiff's claim regarding his knee injury on September 28, 2005. *Id.* Exh. C. Plaintiff's claim that he was denied proper medical treatment for his glaucoma was denied on November 1, 2005. Deft.'s Mot. to Dismiss, Exh. 2. Plaintiff then filed this action.

<u>DISCUSSION</u>

Defendant contends that the complaint should be dismissed for lack of subject matter jurisdiction, improper venue, and for failure to state a claim upon which relief can be granted under Rule 12(b)(1),(3) and (6) of the Federal Rules of Civil Procedure.

Federal courts are courts of limited jurisdiction, with the ability to hear only cases entrusted to them by a grant of power contained in either the Constitution or in an act of Congress. *Hunter v. Dist. of Columbia*, 384 F. Supp. 2d 257, 259 (D.D.C. 2005). The plaintiff bears the burden of establishing that a federal district court has jurisdiction. *Brady Campaign to Prevent Gun Violence United With Million Mom March v. Ashcroft*, 339 F. Supp. 2d 68, 72

2

(D.D.C. 2004).  In considering whether to dismiss a complaint for lack of subject matter jurisdiction, the court must accept all of the factual allegations in the complaint as true.  *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253-54 (D.C.Cir. 2005).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C.Cir. 2002).  The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C.Cir. 2003). A court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia*, 353 F.3d 36, 37 (D.C.Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations –including mixed questions of law and fact – as true and draw all reasonable inferences from them in the plaintiff's favor.  *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C.Cir. 2003), *cert. denied*, 540 U.S. 1149 (2004); *Holy Land Found. for Relief & Development v. Ashcroft*, 333 F.3d 156, 165 (D.C.Cir. 2003), *cert. denied*, 540 U.S. 1218 (2004). While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

Defendant also moves to dismiss the complaint based on improper venue. Alternatively, defendant requests that the case be transferred to the Central District of California.  In ruling on such a motion, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff.  *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d

274, 277 (D.D.C. 2002); *2215 Fifth St. Assocs. v. U Haul Int' l, Inc.*, 148 F. Supp. 2d 50, 54

(D.D.C. 2001). The Court, however, need not accept the plaintiff's legal conclusions as true. *Id.*

To prevail on a motion to dismiss for improper venue, the defendant must present facts that will

defeat the plaintiff's assertion of venue. *Id.*

A. <u>Statute of Limitations – Medical Treatment of Knee Injury</u>

Defendant asserts that plaintiff's knee injury claim is barred by the FTCA's statute of

limitations. The FTCA provides that district courts have jurisdiction over claims arising from

torts committed by federal employees in the scope of their employment. *Sloan v. Dep't of*

*Housing and Urban Dev.*, 236 F.3d 756, 759 (D.C.Cir. 2001); *see also* 28 U.S.C. § 1346(b). The

FTCA is the exclusive remedy for torts committed by federal employees. *United States v. Smith*,

499 U.S. 160, 163 (1991).

The FTCA's statute of limitations provides that

 A tort claim against the United States shall be forever barred unless it is presented in
 writing to the appropriate Federal agency within two years after such claim accrues or
 unless action is begun with six months after the date of mailing by certified or registered
 mail of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

The FTCA's statute of limitations must be strictly construed. *Miller v. Philadelphia Geriatric*

*Ctr.*, 463 F.3d 266, 280 (3rd Cir. 2006); *Patterson v. United States*, 451 F.3d 268, 270 (1st Cir.

2006); *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999); *Stokes v. U.S. Postal*

*Serv.*, 937 F.Supp. 11, 17 n.17 (D.D.C. 1996).

BOP notified plaintiff of its denial of his knee injury claim by certified mail on

September 28, 2005. Compl. Exh. 2. Thus, in order to comply with the statute of limitations,

plaintiff was required to file the action in this Court by March 28, 2006.   Plaintiff submitted his complaint on March 31, 2006, along with a motion for leave to proceed *in forma pauperis*.   The Clerk of the Court will not accept a complaint for filing that is not accompanied by a filing fee until a plaintiff's application for leave to proceed *in forma pauperis* is granted.  *El v. Belden*, 360 F. Supp. 2d 90, 92 (D.D.C. 2004); *Washington v. White*, 231 F. Supp. 2d 71, 75 (D.D.C. 2002). The application to proceed *in forma pauperis* was granted on April 20, 2006, and the complaint filed by the Clerk the same day.

A statute of limitations is tolled between the time that a complaint and an application to proceed *in forma pauperis* are received by the Court and the time that the Court rules on the application.  *Id.*  Plaintiff signed the complaint on March 27, 2006.  Compl. at 6.   Attached to plaintiff's opposition to defendant's motion to dismiss is a certified mail receipt indicating that plaintiff mailed his complaint on March 29, 2006, one day after the expiration of the statute of limitations.

Under the "mailbox rule," a *pro se* prisoner's pleading is deemed filed at the time it is put in the prison mail system.  *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C.Cir. 1998).  Plaintiff has not provided any evidence that he placed his complaint in the mail before March 28, 2006.  Even if he had, that fact would be unavailing. Virtually every circuit to directly rule on the issue has that has concluded that the mailbox rule does not apply to FTCA claims.  *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1252 (9th Cir. 2006)(citing cases); *but see Barnett v. Okeechobee*, 283 F.3d 1232, 1238-39 (11th Cir. 2002)(applying rule to FTCA case).   The complaint, therefore, was untimely filed.

The remaining question is whether the FTCA's limitations period is jurisdictional or

subject to equitable tolling.  Federal statutes of limitations are generally not jurisdictional and "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should apply to suits against the United States."  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990).  The Court of Appeals for the District of Columbia Circuit has not decided whether equitable tolling applies to the FTCA's statute of limitations.  *Norman v. United States*, No. 05-5304, 2006 WL 3069125, at 3 (D.C.Cir. Oct. 31, 2006).  The issue need not be resolved here because this case fails to meet the requirements for equitable tolling.

The application of equitable tolling to a statute of limitations is restricted to extraordinary and carefully circumscribed circumstances.  *Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575, 580 (D.C.Cir. 1998).  Equitable tolling is to be granted "only sparingly" and denied where a plaintiff "failed to exercise due diligence in preserving his leal rights" or merely shows "a garden variety claim of excusable neglect."  *Irwin*, 498 U.S. at 96.  Circumstances justifying equitable tolling include where a party has actively pursued his claim by filing a defective pleading within the statutory period, where the party's late filing was caused by his adversary's misconduct, or where despite all due diligence the plaintiff was unable to obtain vital information bearing on his claim.  *Id*; *Smith-Haynie*, 155 F.3d at 579.

Plaintiff has offered no explanation for his failure to file his complaint within the statutory period.  Therefore, plaintiff's claim regarding the medical treatment of his knee is time-barred and will be dismissed for failure to state a claim.[1]

---

[1] Because the FTCA's statute of limitations might not be jurisdictional, plaintiff's claim is subject to dismissal under Rule 12(b)(6).  *See Felter v. Norton*, 412 F. Supp. 2d 118, 124 (D.D.C. 2006).

B. <u>Venue – Medical Treatment of Glaucoma</u>

_____Defendant has moved to dismiss plaintiff's remaining claim for improper venue.  In the alternative, defendant moves to transfer the case to the Central District of California.

A claim under the FTCA "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."  28 U.S.C. § 1402(b).  For purposes of venue, plaintiff's residence is his place of incarceration. *In re Pope*, 580 F.2d 620, 622 (D.C. Cir. 1978); *Starnes v. McGuire*, 512 F.2d 918, 925 n.7 (D.C.Cir. 1974)(en banc).  Plaintiff resides at a federal prison in Adelanto, California.  The acts or omissions complained of by plaintiff took place there.   Plaintiff's assertion that venue is proper here because the BOP is located in the District of Columbia is without merit. *See Cameron v. Thornburgh*, 983 F.2d 253, 257 (D.C.Cir. 1993)(mere fact that BOP located in District of Columbia insufficient to confer venue).  Accordingly, venue is improper in this Court.

When a plaintiff files an action in the wrong district, courts are to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue.  28 U.S.C. § 1406(a).  A district court may transfer a civil action to any other district where the claim might have been brought "[f]or the convenience of parties and witnesses, in the interests of  justice."  28 U.S.C. § 1404(a); *see also Zakiya v. United States*, 267 F. Supp. 2d 47, 59 (D.D.C. 2003).  As a general matter, a transfer of the case is favored over a dismissal.  *El*, 360 F. Supp. 2d at 93.  In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of  proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

7

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978).

_____As is noted above, all the events described in the complaint occurred at USP-Victorville, which is located in the Central District of California. The cause of action arose in that jurisdiction. Any relevant witnesses and potential documentary evidence would be located there. Therefore, in the interest of justice, plaintiff's tort claim regarding his glaucoma medical treatment will be transferred to that district.

CONCLUSION AND ORDER

_____For the foregoing reasons, it is hereby

ORDERED that defendant's motion to dismiss or, in the alternative, to transfer [9] is GRANTED. It is hereby

FURTHER ORDERED that plaintiff's FCTA claim regarding defendant's medical treatment on his knee is DISMISSED. It is hereby

FURTHER ORDERED that plaintiff's glaucoma medical treatment claim is TRANSFERRED to the Central District of California. The plaintiff's motion to hold in abeyance [7] shall be left to the transferee court to decide.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge

DATE: 12-21-06